RUBENS et al. v. LUDGATE HILL STEAMSHIP CO., Limited.

(Supreme Court, General Term, First Department.   November 18, 1892.)

Action by Morris Rubens and others against the Ludgate Hill Steamship Company, Limited.
. No opinion.   No proof of service of notice of motion.   See 20 N. Y. Supp. 481.

─────────

(66 Hun, 634.)

RUBENS et al. v. LUDGATE HILL STEAMSHIP CO., Limited.

(Supreme Court, General Term, First Department.   December 16, 1892.)

Action by Morris Rubens and others against the Ludgate Hill Steamship Company, Limited.
No opinion.   Application granted.   See 20 N. Y. Supp. 481.

─────────

(66 Hun, 627.)

WETMORE v. WETMORE.

(Supreme Court, General Term, First Department.   November 18, 1892.)

No opinion.   The defendant being clearly in default in not serving his printed papers, motion granted, with $10 costs.

─────────

(66 Hun, 634.)

HARLEM BRIDGE, M. & F. RY. CO., Respondent, v. TOWN BOARD OF TOWN OF WESTCHESTER et al., Appellants.

(Supreme Court, General Term, First Department.   December 16, 1892.)

Action by the Harlem Bridge, Morrisania & Fordham Railway Company against the town board of the town of Westchester and others.  .
No opinion.   Reargument ordered.

─────────

(66 Hun, 634.)

PEOPLE v. LA BATTAGLIA.

(Supreme Court, General Term, First Department.   December 16, 1892.)

Action by the people of the state of New York against Matteo La Battaglia.
No opinion.   Judgment affirmed.

─────────

(66 Hun, 634.)

ROBINSON v. GOVERS.

(Supreme Court, General Term, First Department.   December 16, 1892.)

Action by Mary Ann Robinson against Robert Govers.
No opinion.   Motion for reargument granted.   See 20 N. Y. Supp. 571; 22 N. Y. Supp. 249.

─────────

FOOTE et al. v. BRUGGERHOF.

(Supreme Court, General Term, First Department.   April 17, 1893.)

Motion for reargument.   Denied.
For decision on appeal, see 21 N. Y. Supp. 509.

v.22N.Y.S.no.10—70

PER CURIAM. The first ground for reargument, viz. that no disposition was made of the question as to in what capacity the plaintiffs held the shares of Lucy and Bessie during the minority of said defendants, is an error into which counsel has fallen from a failure to carefully read the opinion. Nothing can be clearer, in speaking of the position that the plaintiffs held towards the fund belonging to these defendants, than language holding that the shares of such defendants were not held by plaintiffs in a personal capacity, but in a representative capacity.

The second ground, that there is no testimony that the shares remained unseparated without objection, and that, therefore, the parties would be precluded on the accounting from introducing important testimony, is equally without merit. No claim is made that these defendants produced testimony showing that there was, under the decree of 1883, a distinct separation of the shares of the several defendants, and thereafter a separate holding of such shares by plaintiffs. The parties, however, upon the accounting, are to be affected. not by the opinion, but by the judgment entered at special term, as modified by this general term; and we fail to see how these defendants would be prejudiced by any expression in the opinion from presenting upon the accounting such objections to the manner in which the various trusts have been administered by the plaintiffs as will secure them their respective rights. We think that the application for a reargument is without merit, and should be denied, with $10 costs.